UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| PRISCILLA SONEY, ) | Civil Action No.: 4:10-cv-1841-TLW-TER |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| BANK OF AMERICA, DIRECT TV, ) | |
| and CAROLINA PINES REGIONAL ) | |
| MEDICAL CENTER, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**I.     INTRODUCTION**

Plaintiff, who is proceeding pro se in this action, brings various, seemingly unrelated claims against Defendants in this action. Each Defendant has filed a Motion to Dismiss: Defendant Bank of America's Motion to Dismiss (Document # 27), Defendant Carolina Pines Regional Medical Center's (Carolina Pines) Motion to Dismiss (Document # 37) and Defendant Direct TV's Motion to Dismiss (Document # 47). Because Plaintiff is proceeding pro se, she was advised pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th. Cir. 1975), that a failure to respond to the Motions to Dismiss could result in dismissal of her Complaint. Plaintiff's Response (Document # 43) appears to address the Motions to Dismiss filed by Defendants Bank of America and Carolina Pines. Plaintiff filed a separate Response (Document # 59) to the Motion to Dismiss filed by Defendant Direct TV.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), DSC. Because the pending motions are dispositive, this Report and Recommendation is entered for review by the district judge.

## II.     FACTUAL ALLEGATIONS

Plaintiff sets forth the following factual allegations in her Complaint:

Sending attach documents I have called Bank of America a number of times to find out that Bank of America was taking money out of an account that my son Stephen Sansbury and my daughter Gwen Sansbury and myself Priscilla Soney we all share the same bank account for paying our bills at home. Each time I called Bank of America no one would say where our money was going. After months of calling a customer service person said that they are taking money out of the account that we all share to pay back money that my son owe them out of his personal account, which was a lie. My son had direct deposit, my son said that he would not take any money out of his account and Bank of America would send him overdraft fees that went on over a year, Stephen got fed up and moved to another bank, I went to the Bank of America in Hartsville, I spoke to Andrea Hendrix she said that the Bank of Hartsville will investigate both accounts and this is the code # 2765151 she gave me on 11/27/09, Andrea called me the following week to say that Bank of America refuse to investigate and that Bank of America in Hartsville will have to straighten out that mess. It is now June 2010 and I haven't heard not one word from Bank of America in Hartsville. Attach documents from FCC and Bank of America Hartsville.

Complaint (Document # 1), pp.3-4. In her Relief section, Plaintiff states,

Justic I want to get my money back from over draft fee's, the money Bank of America took out of my account, and over draft fee's that Direct T.V. caused. Both Direct T.V. and Bank of America cause bills not to get paid and emotional distress that I have received from bill collectors calling for their money.

Complaint (Document # 1), p. 5.

Plaintiff also attaches numerous documents to her Complaint, including bank records, a refund check from Direct TV, correspondence with an attorney and other documents regarding a workers' compensation claim, correspondence with the Department of Justice regarding alleged employment discrimination, a Charge of Discrimination indicating Plaintiff was terminated from employment with Carolina Pines on March 19, 2001, and Notice of Suit Rights from the Equal Employment Opportunity Commission dated February 25, 2002. Buried within those documents are

four hand-written pages dated June 15, 2010, in which Plaintiff states

> The Complaint that I have against Carolina Pines Hospital in Hartsville I have been discriminated against at the Hospital when I injured myself at work more work was added to my schedule, someone would put feces in the restroom that I would have to clean on the mirror and counter and would spread the feces all over the counter and mirror. I went to work every night to have to clean that up. I was being force off of my job I kept coming to work. Then someone place an snake in my work area. Those are some of the problems that I have while working there. There was a time that I was depress and did not want to get out of bed that's when I did not follow up on my right to sue letter. I was till going back and forth to a number of doctors. I went as far as North Carolina and the doctor told me that my bones were rubbing together and I should have come to him earlier and he could fix the problem. The left side of my neck that I injured to have never been treated I cannot hold up a phone on my left side without my head trembling and the trembles are getting worse. Any doctor that I went to don't want to get involve in a workman comp. situation. All these years I go on without any treatment, still being harass by Carolina Pines. I need to know when do the harassment stops. My clothes have been cut up someone cut holes in my mattress, I came home from work one day and my washing machine, my dryer and my refrigerator was broken. So while I was in Phila. visiting my mother, I went to see a civil rights attorney Jonathan D. Berger and he could not represent me but to seek legal counsel and soon as possible. When I wrote to the Justice Department and told them what was going on they thought I wanted them to help me get an attorney. The only reason I wrote them was to stop Carolina Pines from interfering with me seeking an attorney on my on. I went to attorney John P. Britton office and ask him to represent me with the workman comp claim and the right to sue letter he said he would but after he received a letter from Bryan Doby and Carolina Pines attorney Turner Padget Graham & Laney he decided not to take my case. After realizing that Bryan Doby was working against me on my workman comp. case I dismissed him as my attorney. He refuse to release my medical files until I paid him for them. The last complaint that I have is I wreck my care 3/15/10 by hitting a deer. My insurance paid for my car to get fix but the medical benefits that I was to received I never got the person over medical name is Staci Mason.

Complaint, Employment Case Documents (Document # 1-4), pp. 49-52. The court will view this document as additional factual allegations.

### III.    STANDARD OF REVIEW

All three Defendants seek to dismiss Plaintiff's complaint against them pursuant to Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. When a Rule 12(b)(1) motion is raised as to the factual basis for subject matter jurisdiction, the plaintiff bears the burden of proving jurisdiction exists.

Richmond, Fredericksburg & Potomac R. Co. v. U.S., 945 F.2d 765, 766 (4th Cir.1991). When evaluating a challenge to jurisdiction under Rule 12(b)(1) the court can go beyond the face of the complaint and consider evidence without converting the proceeding to one for summary judgment. Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir.1982); see also Richmond, Fredericksburg & Potomac R. Co., 945 F.2d at 768.

A Rule 12(b)(6) motion examines whether Plaintiff has stated a claim upon which relief can be granted. The United States Supreme Court has recently made clear that, under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff in any civil action must do more than make mere conclusory statements to state a claim. See Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 129 S.Ct. at 1949; Twombly, 550 U.S. at 555.

Expounding on its decision in Twombly, the United States Supreme Court stated in Iqbal:

> [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 556, 557, 570) (citations omitted); see also Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003).

-4-

## IV. DISCUSSION

United States district courts are courts of limited subject matter jurisdiction. Exxon Mobile Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005). District courts exercise two types of subject matter jurisdiction: federal question jurisdiction pursuant to 28 U.S.C. § 1331, and diversity jurisdiction pursuant to 28 U.S.C. § 1332. Additionally, federal courts have the discretion to hear and decide state law claims in conjunction with federal law claims, through the exercise of supplemental jurisdiction. 28 U.S.C. § 1367; Wisconsin Dep't of Corrections v. Schacht, 524 U.S. 381, 387, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998). To exercise supplemental jurisdiction over state law claims, they must be "so related to claims in the action within such original jurisdiction [federal question or diversity jurisdiction] that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). When a district court lacks subject matter jurisdiction over an action, the action must be dismissed. Arbaugh v. Y&H Corp., 546 U.S. 500, 506–07 (2006).

As an initial matter, Plaintiff fails to plead any facts in her Complaint regarding this Court's jurisdiction over the claims she raises. However, it is clear from her Complaint that complete diversity among the parties is lacking. District courts may exercise diversity jurisdiction over a case where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the case is between citizens of different states. See 28 U.S.C. § 1332. Plaintiff alleges in her Complaint that she is a resident of South Carolina and indicates that at least one Defendant, Carolina Pines, is located in Hartsville, South Carolina. Thus, no subject matter jurisdiction exists based upon diversity jurisdiction under § 1332.

Although not expressly set forth in her Complaint, under an extremely liberal reading of the Complaint and the documents attached, Plaintiff appears to attempt to raise federal employment

discrimination claims against Defendant Carolina Pines under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 2000(e) et seq. and Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq. In the hand written document attached to the form Complaint submitted by Plaintiff she states "[t]he Complaint that I have against Carolina Pines Hospital in Hartsville I have been discriminated against at the Hospital . . . ." Complaint, Employment Case Documents (Document # 1-4), p. 49. In her Charge of Discrimination, she asserts that she was terminated for not calling in when she was out sick and that a similarly situated male employee committed the same or similar offense and was not terminated. Complaint, Employment Case Documents (Document # 1-4), p. 10. She asserts that she was discriminated against because of her sex in violation of Title VII and her disability in violation of the ADA. Id.

Claims under Title VII and the ADA fall within this court's federal question jurisdiction. However, Plaintiff's claims under these statutes are untimely. It is well-established that prior to bringing a lawsuit under Title VII or the ADA, a plaintiff must have filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-5(e); 42 U.S.C. § 12117(a) (applying the powers, remedies and procedures outlined in Title VII discrimination actions for ADA claims). Gilliam v. S.C. Dep't of Juvenile Justice, 474 F.3d 134, 139 (4th Cir.2007); Smith v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir.2000). Plaintiff filed a Charge of Discrimination dated November 8, 2001. Next, a person who receives a right-to-sue notice from the EEOC after filing a Charge of Discrimination must file any civil action against the respondent named in the charge within 90 days of receipt of such notice. 42 U.S.C. § 2000e-5(f)(1). The Fourth Circuit strictly adheres to the 90-day rule. See Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40 (4th Cir.1993) (a lawsuit commenced 95 days after plaintiff received her right-to-sue letter from the EEOC was barred by the 90-day rule); Harvey v. City of New Bern Police Dept., 813 F.2d

652 (4th Cir.1987) (barring Title VII claim where lawsuit was commenced 91 days after he received a right-to-sue letter from the EEOC). Plaintiff's right-to-sue letter is dated February 25, 2002. Complaint, Employment Case Documents (Document # 1-4), p. 21. The letter notifies Plaintiff that "You may filed a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost." Id. The present action is clearly outside the deadline. Accordingly, dismissal of Plaintiff's claims against Carolina Pines is appropriate.[1]

Furthermore, dismissal of Plaintiff's claims against Bank of America and Direct TV is proper as well. It is not clear from the Complaint the type of claims Plaintiff is attempting to raise against these Defendants. She complains generally that Bank of America withdrew funds from her account and that Direct TV caused overdraft fees to be charged, but she does not set forth the laws, statutory or common-law, she claims were violated by these Defendants' actions.[2] The allegations in the Complaint are insufficient to allow the court to conclude that she is alleging violations of federal

---

[1] In her Complaint, Plaintiff mentions that she was depressed for a period of time and did not want to get out of bed and, thus, did not "follow up" on her right-to-sue letter. In limited circumstances, equitable tolling may be applied to a statutory deadline based on allegations of mental incapacity or disability of the plaintiff. See Steele v. Brown, 993 F.Supp. 918, 922 (M.D.N.C.1998) ("Courts generally apply equitable tolling for a mental disability only when the Plaintiff has a severe disability that precludes his ability to reason and function in society."). However, equitable tolling of the ninety-day limitations period does not apply to a "garden variety claim of excusable neglect." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). Plaintiff has failed to show that her depression was of a severity that would have precluded her from timely filing her Complaint for almost ten years. Cf. Steele, 993 F.Supp. at 922.

[2] For these same reasons, dismissal is also appropriate under Rule 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), the Complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)).

law. Thus, Plaintiff has failed to meet her burden of establishing that this court has federal question jurisdiction over the claims against Bank of America or Direct TV. In addition, as stated above, diversity jurisdiction is lacking as well. Accordingly, dismissal of the claims against Bank of America and Direct TV is appropriate for lack of subject matter jurisdiction. Her claims belong, if anywhere, in state court.

## V.     CONCLUSION

For the reasons discussed above, it is recommended that Defendant Bank of America's Motion to Dismiss (Document # 27) be granted, Defendant Carolina Pines' Motion to Dismiss (Document # 37) be granted and Defendant Direct TV's Motion to Dismiss (Document # 47) be granted and this case be dismissed in its entirety. If the district judge accepts this recommendation, all other pending motions will be moot.

s/Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

April 12, 2011  
Florence, South Carolina

**The parties are directed to the important notice on the following page.**